BLD-127                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4586
_____

ALAN PRESBURY,
                          Appellant

v.

MICHAEL WENEROWICZ; JAY LANE; ETTA G. WILLIAMS; JOHN DOE
BOONE; JOSEPH YODIS; FRANK REGAN; MICHAEL CUNNINGHAM;
DORINA VARNER; SKIP FIELDS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 11-cv-03701)
District Judge:  Honorable Edmund V. Ludwig

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 1, 2012

Before: SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed: March 21, 2012)
_____

OPINION
_____


PER CURIAM

Alan Presbury, a Pennsylvania prisoner proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his civil rights complaint against various prison officials and employees. For the reasons that follow, we will affirm the judgment of the District Court.

In his complaint, Presbury alleged that Captain Etta Williams harassed him and his wife, who visited him in prison. Presbury averred Williams told him on May 7, 2010, that she wanted him released from his prison job. Presbury further averred that he was then ordered to report for a support team hearing at which he was accused of stealing t-shirts, poor attendance at his job, and extortion. He alleged that he was not permitted to present evidence at the hearing and that he was removed from his job on May 24, 2010. He also averred that on June 7, 2010, he learned that his wife's visitation privileges were suspended. Presbury claimed violations of his Eighth and Fourteenth Amendment rights and attached to his complaint copies of his grievance documents and other correspondence purporting to support his claims.

The District Court granted the defendants' motion to dismiss Presbury's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Regarding Presbury's due process claim arising from the loss of his prison job, the District Court held that Presbury had failed to exhaust his administrative remedies. The

District Court also stated that, even if it were to reach the merits of the claim, dismissal would be required because Presbury has no constitutionally-protected interest in a prison job. The District Court further ruled that Presbury did not have a cognizable Eighth Amendment claim based on the suspension of his wife's visitation privileges. This appeal followed.

We need not decide whether Presbury exhausted his administrative remedies with respect to his due process claim because, even if he had exhausted his remedies, Presbury does not state a constitutional claim based on the loss of his prison job. We have held that there is no liberty interest in a prison job arising from the Due Process Clause. James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989). Presbury also cannot show that he was deprived of any state-created liberty interest because the alleged deprivation does not impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Torres v. Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Presbury also does not have a protected property interest in his prison job which would support a due process claim. See Quinlan, 866 F.2d at 630. Absent a constitutionally-protected interest, Presbury does not state a due process claim. See id. at 629.

We also agree with the District Court that dismissal was warranted on Presbury's claim that his Eighth Amendment rights were violated based on the

3

temporary suspension of his wife's visitation privileges.  See Overton v. Bazzetta, 539 U.S. 126, 137 (2003) (holding regulation restricting visitation for certain inmates did not violate Eighth Amendment).  Finally, to the extent Presbury claims Williams retaliated against him in violation of his First Amendment rights, he does not state a claim for relief because he does not contend that Williams' alleged actions were in response to any constitutionally-protected activity.  See Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010) (setting forth elements of retaliation claim).

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court. [1]

---

[1]The District Court did not afford Presbury an opportunity to amend his complaint, but we find no prejudice in this case because the documents attached to the complaint show that providing an opportunity to amend would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).